UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORDAN VARGAS,

    Plaintiff,

vs.  NO._____

GOVERNOR SUZANNA MARTINEZ n/k/a MICHELLE LUJAN GRISHAM, STATE OF NEW MEXICO; CHRISTOPHER N. RUSZKOWSKI, n/k/a RYAN STEWART, SECRETARY OF EDUCATION; PUBLIC EDUCATION DEPARTMENT, DIVISION OF VOCATIONAL REHABILITATION; HOTONA SECATERO; JOE CORDOVA; JEREMY GARCIA; and MELCHIORE SAVARESE, ESQ.,

    Defendants.

**COMPLAINT FOR RETALIATION UNDER
TITLE VII AND THE NEW MEXICO HUMAN RIGHTS ACT, DAMAGES,
DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
DEFAMATION AND SLANDER, AND DECLARATORY JUDGMENT**

**COMES NOW**, Plaintiff Jordan Vargas, and for her Complaint for Retaliation Under Title VII and the New Mexico Human Rights Act, Damages, Deprivation of Civil Rights Under Color of State Law, Defamation and Slander, and Declaratory Judgment states as follows:

**COMMON ALLEGATIONS
VENUE**

1. Plaintiff is a resident of Bernalillo County, New Mexico.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) that was dual-filed with the New Mexico Human Rights Bureau under the work-share agreement.

3. Plaintiff received a right to sue letter from the EEOC dated March 31, 2021, and a notice of non-determination from the New Mexico Human Rights Bureau of the same date.

4. Plaintiff has exhausted her administrative remedies under federal and New Mexico law and this complaint is timely filed.

5. Plaintiff is asserting retaliation under 42 U.S.C. §1983. She is also asserting a retaliation claim under Title VII, 42 U.S.C. §2000e et seq. These claims are governed by federal question jurisdiction under 28 U.S.C. §1331. In addition, Plaintiff has a New Mexico Human Rights Act retaliation claim and a New Mexico common law wrongful/retaliatory discharge claim. Because these claims arise under the same facts as the federal claims, the Court has supplemental jurisdiction under 28 U.S.C. §1367(a).

6. This Court has personal and subject matter jurisdiction over the claims and parties and venue is proper in this Court.

## THE PARTIES

7. Plaintiff at all relevant times was employed as Business Outreach Specialist of the Division of the Vocational Rehabilitation, State of New Mexico (hereinafter "DVR") , having been a classified employee until she was forced to resign effective February 28, 2019.

8. Defendant Suzanna Martinez is named in her capacity as governor of the State of New Mexico, which term expired on December 31, 2018 and now known as Defendant Michelle Lujan Grisham.

9. Defendant Christopher N. Ruszkowski hereinafter "Ruszkowski") was all times relevant to this case was Secretary of Education, Public Education Department, Division of Vocational Rehabilitation, until his appointment ended December 31, 2018, now known as Secretary Ryan Stewart.

10. Defendant the Public Education Department, Division of Vocational Rehabilitation is an agency of the State of New Mexico administratively attached to the Public Education Department.

11. Defendant Hotona Secatero (hereinafter "Secatero") is an employee of the State of New Mexico in the Division of Vocational Rehabilitation as a Vocational Rehabilitation Counselor, and is named as a defendant in her individual capacity and as an employee of the State of New Mexico for her direct and malicious actions in giving false statements to the investigators and others, in her efforts to cause the dismissal of Plaintiff.

12. Defendant Director Joe Cordova (hereinafter "Joe Cordova") at all times relevant to this case was the Director of the Public Education Department.

13. Defendant Jeremy Garcia (hereinafter "Jeremy Garcia") at all times relevant to this case was as an investigator for the Public Education Department, and an employee of the State of New Mexico.

14. Defendant Melchiore Savarese, Esq., (hereinafter "Savarese") was at all relevant times herein general counsel for the other Defendants.

15. Plaintiff was hired on April 23, 2014, by the Respondent and held the business Outreach Specialist position. Beginning in 2015, Plaintiff was accused of having an inappropriate relationship with the Deputy Director. Plaintiff complained to the Field Operations Director, but nothing was done and the harassment continued.

16. In September 2018, Plaintiff was contacted by a former co-worker who informed her of the continued harassing rumors. On November 14, 2018, the legal counsel for the Division made

inappropriate comments about Plaintiff and another female to include, but not limited to, "don't talk too fast, Jordan is blonde," and a comment about a "shock collar to make him talk." On November 26, 2018, Plaintiff complained to Human Resources.

17. On December 6, 2018, Plaintiff was retaliated against when the Chief Investigator for the department contacted her and interrogated her about inappropriate relationships.

18. No reason was given for the discriminating action described above.

19. Subsequently Plaintiff was constructively discharged due to discrimination and retaliation.

20. Plaintiff was discriminated against because of her sex (female) and retaliated against for opposing discriminating employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended.

21. Plaintiff has another EEOC charge which will result in a right to sue letter and this Complaint will be amended and/or supplemented accordingly.

## COUNT I: RETALIATION AND DISCHARGE UNDER TITLE VII AND THE NEW MEXICO HUMAN RIGHTS ACT

22. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 21 above as if set out fully herein.

23. Ms. Vargas is female.

24. Ms. Vargas's work performance was adequate to strong as an employee of Defendant.

25. The reasons for Ms. Vargas's retaliation against, demotion and constructive discharge were pretextual.

26. Defendants' retaliation against, constructive discharge, and its denial of providing Ms. Vargas Due Process was motivated by her charge of discrimination filed with the EEOC.

27. Defendants' intentional and retaliatory discrimination caused Ms. Vargas injury.

28. Defendants' intentional and retaliatory discrimination was with reckless disregard of the rights of Ms. Vargas.

### COUNT II—WRONGFUL AND RETALIATORY DISCHARGE UNDER NEW MEXICO COMMON LAW

29. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 28 above as if set out fully herein.

30. New Mexico has a strong public policy prohibiting employers from terminating or taking material adverse action against employees based on their raising complaints of discrimination or for filing charges of discrimination with state and federal agencies.

31. Defendants retaliated against and constructively discharged Ms. Vargas in violation of New Mexico public policy.

32. Defendants' retaliatory conduct was intentional, willful and with reckless disregard of the employment rights of Ms. Vargas.

33. As a result of Defendants' conduct, Ms. Vargas suffered injury.

### COUNT III-VIOLATION OF DUE PROCESS RIGHTS

34. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 33 above as if set out fully herein.

35. Defendants violated Ms. Vargas's constitutional right to due process in her employment.

36. Ms. Vargas had a property right in her job to continued employment that could only be terminated or demoted for good and just cause.

37. Defendant Jeremy Garcia was assigned to conduct interviews of the witnesses by the Public Education Department under the direction and control of Secretary Ruszkowski.

38. Upon information and belief Defendant Jeremy Garcia was instructed to conduct a one sided investigation, to conceal evidence and to develop a report critical of Plaintiff.

39. On December 6, 2018 at about 3:00 PM, Defendant Jeremy Garcia, the investigator, in his interview with the Chief Information Officer, stated, in furtherance of a scheme and conspiracy to retaliate against Plaintiff and cause his discharge from employment stated. "at some point in time the jig is up, the end of the rope. I think that is kind of where we are at this point....Make sure you guys start the New Year with a new slate."

40. In response to the statement of Jeremy Garcia referenced in the preceding paragraph stated "That is what they are hopeful for," meaning Defendants Joe Cordova and Hotona Secatero are hopeful to cause the discharge of Plaintiff.

41. That the Defendants conspired, colluded to maliciously defame, retaliate to cause the discharge of Plaintiff and ruin her good name.

42. The statement of Defendant Jeremy Garcia was made prior to the completion of the investigation and subsequent interviews of the individuals with whom the plaintiff is falsely accused.

43. That Defendant Jeremy Garcia statement quoted in the previous allegation shows willful bias, malicious, and a predetermined result to fire and discharge and fire Plaintiff from her position and to deprive Plaintiff of her civil rights.

44. Defendant Garcia refused to obtain statements from material witnesses and distorted the statements of witnesses.

45. Defendant Jeremy Garcia concealed the material statements of witnesses, what evidence and statements were exculpatory to Plaintiff.

46. On various occasions between November 2nd, 2018 and the issuance of the Notice of Contemplated Action, Defendant Jeremy Garcia, had coerced, intimidate, threatened, and attempted to suborn perjury from various individuals, who were in the employ of the Division of Vocational Rehabilitation, for the express purpose of justifying the dismissal of Plaintiff.

47. Defendant Jeremy Garcia claimed that he was conducting the investigation of Plaintiff on the authority of the New Mexico Attorney General's Office

48. Said statements and representations by Defendant Jeremy Garcia that he was conducting the investigation on the authority of the New Mexico Attorney General's Office were false and untrue, which statement was false, malicious and made with an intent to intimidate witnesses and slander Plaintiff.

49. Defendant Jeremy Garcia claimed in addition that the investigation was on the authority of the New Mexico Attorney General also claimed that the investigation was done on the authority of the Governor's office.

50. Defendant Jeremy Garcia did not record all interviews, suppressed statements, and prevented witnesses from testifying to evidence contradictory to the preconceived plan to smear Plaintiff and justify the dismissal of Plaintiff.

51. Most egregiously, Defendant Jeremy Garcia obtained a false statement from Hotona Secatero claiming that Plaintiff engaged in inappropriate sexual activities with a co-worker. Said statements obtained from Defendant Secatero, were untrue, a malicious lie, and was made for the purpose of causing retaliation against Plaintiff, and defaming her good name.

## COUNT IV
## DEFAMATION AND SLANDER

52. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 51 above as if set out fully herein.

53. Plaintiff alleges that Defendants Savarese, Garcia and Hotona unlawfully spread false and defamatory sexually-related statements about the Plaintiff relating to her interactions with male employees of the Division of Rehabilitation and published this information to co-workers, and to Public Education Department and others.

54. That the defamatory remarks were defamatory, malicious, and damaged the Plaintiff in her professional reputation.

55. That the statements made by Defendants were defamatory and defamatory per se.

56. That the statements were made with the intention of causing the dismissal of Plaintiff.

**WHEREFORE**, the Plaintiff prays for judgment against the foregoing defendants as set forth in the Prayer.

## COUNT V
## CIVIL CONSPIRACY

57. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 56 above as if set out fully herein.

58. Defendants, or any two of them, intended to take, and in fact took affirmative steps to conspire against Plaintiff thus resulting in joint and several liability.

59. Wherefore, the Plaintiff prays for judgment in his favor and prays for the relief set forth in the Prayer.

## COUNT VI
## DECLARATORY JUDGMENT

60. Plaintiff, pursuant to Fed. R. Civ. P. 10(c), incorporates the factual allegations contained in paragraphs 1 through 59 above as if set out fully herein.

61. Plaintiff complains and prays for a declaration of rights of the parties pursuant to the Declaratory Judgments Act.

62. Plaintiff seeks a declaration that the actions of the Defendants as alleged herein were a civil conspiracy to cause the dismissal of Plaintiff.

63. That the actions of the Defendants were in furtherance of a plan and scheme to defame plaintiff and destroy her reputation and good name.

64. That the actions of Cordova, Savarese and Secatero were in violations of the civil rights of Plaintiff and were conducted to sexually harass Plaintiff.

65. Plaintiff desires a judicial determination of the parties' rights and obligations of the parties with respect to the document, and a declaration that judicial declaration is necessary and

9

appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights and duties under the alleged arbitration agreement, and not be forced to forgo her constitutional right to a trial by jury.

## V
## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages, including lost wages, medical benefits, retirement pay, and other employment benefits, according to proof;

2. For double back pay with interest;

3. For general, mental and emotional distress damages according to proof;

4. For punitive damages on each cause of action for which they are awardable;

5. For all civil penalties awardable;

6. For an award of interest, including prejudgment interest, at the legal rate;

7. For an award of litigation costs and attorneys' fees as awardable on each cause of action pursuant to New Mexico Whistleblower Protection Act and any other available basis;

8. For an injunction ordering State of New Mexico to cease and desist its unlawful practices;

9. For costs of court incurred;

10. For a declaratory judgment that the actions of the Public Education Department are invalid because it was retaliatory, unconscionable, violates public policy an prohibited by the laws and procedures establishing the Personnel Act of the State of New Mexico;

11. For such other and further relief as the Court deems just and proper.

12. A written public apology from PED and all defendants with any negative record expunged.

## DEMAND FOR JURY TRIAL

The Plaintiff makes a demand for jury trial.

                               **CROWLEY & GRIBBLE, P.C.**
                               Electronically filed
                         By:   /s/ Clayton E. Crowley
                               **CLAYTON E. CROWLEY**
                               **NMBAR #7549; CAID 93/136**
                               Attorneys for Plaintiff
                               300 Central SW, Suite 3500
                               Albuquerque, NM  87102
                               (505) 314-1450
                               (505) 314-1452 - facsimile
                               cec@crowleygribble.com

C:\Users\DLD\Dropbox\Diana's\Data\Vargas\Federal Court Case\Complaint - FINAL.wpd